UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL LEE LYON,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:14-cv-05870-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

  Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

  On November 2, 2010, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging disability as of March 30, 2010. *See* Dkt. 12, Administrative Record ("AR") 13. Both applications were denied upon initial administrative review on January 21, 2011, and on reconsideration on May 12, 2011. *See id.* A hearing was held

ORDER - 1

before an administrative law judge ("ALJ") on December 7, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a lay witness and a vocational expert. *See* AR 32-83.

In a decision dated March 15, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 13-26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 4, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981, § 416.1481. On November 5, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on February 9, 2015. *See* Dkt. 12. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the opinion of Linda M. Fishman, Ph.D.; (2) in discounting plaintiff's credibility; and (3) in assessing plaintiff's residual functional capacity ("RFC"). For the reasons set forth below, the Court agrees the ALJ erred in evaluating Dr. Fishman's opinion – and thus in assessing plaintiff's RFC – and therefore in finding plaintiff to be not disabled. Accordingly, the Court finds that defendant's decision to deny benefits should be reversed on this basis, and that this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*,

ORDER - 2

359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.   <u>The ALJ's Evaluation of Dr. Fishman's Opinion</u>

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

ORDER - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the opinion of Dr. Fishman, the ALJ found as follows:

> In November 2011, the claimant attended a psychological examination with Linda Fishman, Ph.D. (Exhibits 12F; 13F). Dr. Fishman interviewed the claimant, performed a mental status examination, and administered psychological tests. It was Dr. Fishman's opinion that: the claimant's anxiety disorder includes social distress and depressive symptoms that result in significant interference to his ability to maintain employment; his reading disorder limits his ability to perform work that involves reading or processing paperwork, so that he is not well suited for clerical work, although stationary work is warranted by his physical limitations; his communication disorder and possible pervasive developmental disorder, with prominent impairments in abstract thinking, verbal reasoning and problem-solving; memory deficits, and impaired social skills limit his ability to function independently; his personality disorder results in a pervasive pattern of avoiding social and occupational interactions in order to protect himself from criticism, disappointment and rejection, due to his feelings of inadequacy, ineptitude and fear of embarrassment, associated with his dependent/passive personality characteristics; and significant medical issues are also present. The undersigned gives only a little weight to this opinion. Portions of the report was [sic] heavily based on the claimant's self-reports and those of his mother. The overall evidence does not support the severity of symptoms the claimant reported. For instance, he told the doctor his physical pain limited his ability to take the bus, yet he reported to this agency he got around by using public transportation (6E). Further, the severity of his physical limitations are simply not borne out by the medical evidence of record. He has mild findings upon

ORDER - 5

>exam and in the objective images, and while Dr. Fishman reported she reviewed medical records, it is not clear what records she reviewed, nor is she a licensed medical doctor qualified to determine his conditions would limit him to "stationary" work. The evidence suggests the reports of the claimant's mother were not entirely reliable. For instance, his mother reported he has never been able to hold a job due to his difficulties functioning, contrary to the claimant's report he had a job for three years that he lost due to unpaid parking tickets. The doctor also failed to consider the claimant's reports to her that he occasionally used marijuana, and overused prescription medications, which could also cause mental health symptoms such as low motivation. Nonetheless, it is noted that the objective testing performed by Dr. Fishman supported finding the claimant has a reading disorder and communication disorder, and the overall evidence supports finding he has an anxiety disorder and personality disorder, and these impairments are considered in the claimant's residual functional capacity finding. Dr. Fishman ultimately recommended psychotherapy and vocational rehabilitation services, before applying for disability. The claimant has not completed these recommended steps.

AR 22. Plaintiff argues these reasons for rejecting Dr. Fishman's opinion are not supported by substantial evidence and therefore are improper. The Court agrees.

First, while it may be that portions of Dr. Fishman's evaluation report are based on either plaintiff's self-reports or those of his mother, it is far from clear that Dr. Fishman relied primarily or to a greater extent on their reporting, than her own observations or results of the psychological testing and mental status examination she performed. *See* AR 493-505; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (upholding ALJ's rejection of physician's assessment as essentially "rehashing of claimant's own statements" and "primarily reflect[ing]" claimant's "self-assessment and subjective willingness to work," observing that physician's records largely reflected claimant's pain reports "with little independent analysis") (quoting *Morgan*, 169 F.3d at 602) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'") (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989)); *see also Ryan v. Commissioner of Social Security*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (holding

ORDER - 6

that ALJ does not provide proper reasons for rejecting examining physician's opinion by questioning the credibility of patient's complaints, "where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations," further noting there was nothing in examining physicians' reports "to suggest" they "disbelieved [the plaintiff's] description of her symptoms, or that [they] relied on those descriptions more heavily than [their] own clinical observations in reaching" their conclusions).

Second, although the ALJ found the overall evidence did not support the severity of the symptoms plaintiff reported, as defendant acknowledges the ALJ seemingly focuses solely on the evidence in the record concerning plaintiff's physical symptoms and limitations. Thus, while this may be sufficient to discount those portions of Dr. Fishman's opinion regarding plaintiff's physical functioning, it has no relevancy to the remaining portions of that opinion concerning his mental functioning and limitations. Similarly, although the ALJ may not have erred in rejecting Dr. Fishman's conclusion that plaintiff should be limited to stationary work given that she is not a licensed physician, again that has no bearing on her remaining conclusions concerning mental capacities that are within her area of expertise.

Third, the ALJ may be correct that the inconsistency between plaintiff's mother's report that plaintiff has never been able to hold a job due to his difficulties functioning, and plaintiff's own report of having lost a job due to unpaid parking tickets constitutes an sufficient basis upon which to discount the credibility of *plaintiff's mother's* reporting, it is not a valid reason for not fully crediting Dr. Fishman's opinion. As plaintiff points out, Dr. Fishman was well aware of the above reason for having lost that particular job, and yet still concluded he would have significant work-related difficulties. *See* AR 496.

Fourth, the Court also finds improper the ALJ's reliance on any failure by Dr. Fishman to

ORDER - 7

consider plaintiff's occasional marijuana use and/or prescription medication overuse. As plaintiff points out, Dr. Fishman was aware of his marijuana use. *See id.* The ALJ, furthermore, fails to point to any evidence in the record that such use or overuse actually caused the type of mental health symptoms plaintiff reported and Dr. Fishman found. Accordingly, the ALJ's reliance on this reason for not fully crediting Dr. Fishman's opinion is both speculative and an improper substitution of her own lay opinion for that of a medical professional. *See White ex. Rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999) ("Speculation is, of course, no substitute for evidence, and a decision based on speculation is not supported by substantial evidence."); *Gonzalez Perez v. Secretary of Health and Human Services*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for that of physician); *McBrayer v. Secretary of Health and Human Services*, 712 F.2d 795, 799 (2nd Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion).

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

ORDER - 8

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

> **. . . to perform light work . . . except: limited to frequently climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance; frequently stoop, kneel, crouch or crawl; avoid concentrated exposure to workplace hazards such as dangerous machinery and unprotected heights; work limited to relatively simple unskilled work; and occasional and superficial interaction with the public.**

AR 19 (emphasis in original). However, because the ALJ erred in discounting Dr. Fishman's opinion, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations and therefore supported by substantial evidence. Defendant argues the restrictions to relatively simple unskilled work and only occasional and superficial interaction with the public adequately account for those limitations Dr. Fishman assessed. But Dr. Fishman's opinion also indicated plaintiff would have significant difficulties interacting with both supervisors and co-workers, and not just the general public. *See* AR 504. Dr. Fishman also suggested plaintiff would experience "poor persistence" (*id.*), which the restriction to relatively simple unskilled work does not necessarily encompass.

III.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award

ORDER - 9

benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record, and thus in regard to plaintiff's RFC and his ability to perform other jobs existing in significant numbers in the national economy,[2] remand for further consideration of those issues is warranted.

---

[2] If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony thus must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ in this case found plaintiff to be capable of performing other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered in response to a hypothetical question posed by the ALJ containing substantially the same functional limitations as were included in the ALJ's RFC assessment. *See* AR 25-26, 76-80. But because as discussed above the ALJ erred in assessing plaintiff's RFC,

ORDER - 10

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 2nd day of June, 2015.

Karen L. Strombom
United States Magistrate Judge

---

the vocational expert's testimony cannot be said to completely and accurately describe all of plaintiff's functional limitations and therefore supported by substantial evidence. As such, the ALJ's step five determination also cannot be said to be supported by substantial evidence or free of error.

ORDER - 11